IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
LOUISIANA, LAFAYETTE DIVISION

| | |
|---|---|
| RODENEICIA MOUTON,<br><br>Plaintiff,<br><br>-against-<br><br><br>UNITED REVENUE CORPORATION,<br><br>Defendant. | Civil Case Number:<br><br><br><br>**CIVIL ACTION COMPLAINT** |

Plaintiff RODENEICIA MOUTON (hereinafter, "Plaintiff"), a Louisiana resident, brings this action complaint by and through the undersigned attorneys, against Defendant UNITED REVENUE CORPORATION (hereinafter "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this action seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of Louisiana, Lafayette Parish, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant is a collection agency with its registered office located at 204 Billings Street, Suite 120, Arlington, Texas 76010.

.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to March 4, 2021, an obligation was allegedly incurred to ACADIANA ACUTE CARE ASSOC.

15. The alleged ACADIANA ACUTE CARE ASSOC obligation arose out of a transaction in which medical services, which are the subject of the transaction, are primarily for personal or family purposes.

16. The alleged ACADIANA ACUTE CARE ASSOC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. ACADIANA ACUTE CARE ASSOC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the ACADIANA ACUTE CARE ASSOC debt is past due.

19. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

20. ACADIANA ACUTE CARE ASSOC directly or through an intermediary contracted the Defendant to collect the alleged debt.

21. Sometime in March of 2021, Plaintiff noticed an unfamiliar account on her credit reports.

22. On or about March 4, 2021, Plaintiff sent a letter to Defendant disputing the alleged debt and requesting that Defendant send verification of the debt.

23. Sometime in May of 2021, Plaintiff checked her credit report and found that the account she disputed in writing for ACADIANA ACUTE CARE ASSOC had not been marked as "disputed" on her Experian credit report.

24. Pursuant to the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

25. Failure to communicate that a disputed debt is disputed is a violation of the FDCPA.

26. The acts and omissions of Defendant described above injured Plaintiff in a particularized way, in that Defendant was obligated by the FDCPA to supply non-misleading information regarding Plaintiff.

27. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT  
15 U.S.C. §1692e *et seq.***

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set

forth at length herein.

29. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

30. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

31. The Defendant violated said section in its letter to the Plaintiff by:

   a. Using false, deceptive, and misleading representations or means in connection with the collection of a debt;

   b. Failing to communicate that a disputed debt is disputed in violation of 1692e(8);

   c. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

32. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, statutory damages, costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)  Awarding Plaintiff statutory damages;

(b)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(c)  Awarding pre-judgment interest and post-judgment interest; and

    (d)    Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: June 2, 2021

By:    /s/ Jonathan F. Raburn
Jonathan F. Raburn, Esq.
McCarty & Raburn,
A Consumer Law Firm PLLC
2931 Ridge Road, Suite 101 #504
Rockwall, TX 75032
Phone: (225) 412-2777
Email: jonathan@geauxlaw.com

/s/ Yitzchak Zelman

Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Email: yzelman@marcuszelman.com
PRO HAC VICE MOTION TO BE FILED
*Attorneys for Plaintiff*
*Hannah Robertson*